## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **BRIAUNA SUTTON, an individual,**    ) | |
|                      ) | |
|     **Plaintiff,**           ) | |
|                      ) | |
|      **v.**              ) | |
|                      ) | **Case No. _____** |
| **ESA MANAGEMENT, LLC,**    ) | |
| **a Delaware Corporation, d/b/a**    ) | |
| **EXTENDED STAY AMERICA**    ) | |
| **MEMPHIS - APPLETREE**    ) | |
|                      ) | |
|     **Defendant.**          ) | |

---

## NOTICE OF REMOVAL

---

Defendant ESA Management, LLC, ("ESA" or "Defendant") hereby removes this action to the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. § 1332 and § 1441, and in support thereof, states as follows:

1.      On June 26, 2017, Defendant was served with copies of the Summons and the Complaint entitled *Briauna Sutton v. ESA Management, LLC d/b/a Extended Stay America Memphis - Appletree,* Case No. CT-002635-17, pending in the Circuit Court of the State of Tennessee, Shelby County. The Complaint was the initial pleading served upon Defendant setting forth the claims upon which such action is based. True and correct copies of the Summons and Complaint are attached hereto as Exhibit A and constitute all pleadings, process, and other documents served upon Defendant in this action.

2.    In the Complaint, Plaintiff alleges a wrongful discharge claim based on retaliation for exercising rights under Tennessee's Worker's Compensation Law. (Compl. at ¶¶ 1-6.)

3.    This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4.    According to her Complaint, Plaintiff seeks to recover various forms of relief, including compensatory and actual damages, attorneys' fees, incidental expenses, post-judgment interest at the maximum legal rate per annum, punitive damages and exemplary damages. Plaintiff also seeks to recover "such further legal or equitable relief to which she may be entitled." (Compl. ¶¶ 9-11.)

5.    The Complaint seeks  $100,000 in punitive damages, but does not specify a dollar amount for the other various categories of damages Plaintiff seeks to recover.

6.    Even excluding Plaintiff's request for punitive damages, the plain language of Plaintiff's Complaint demonstrates that there is a "substantial likelihood" or "reasonable probability" that Plaintiff intends to seek damages in excess of the amount in controversy requirement.  A plaintiff may recover, back pay and benefits, reinstatement, front pay, emotional distress, punitive damages, and reasonable attorney's fees for a retaliatory discharge claim. *Emerson v. Oak Ridge Research, Inc.*, 187 S.W.3d 364, 368 (Tenn. Ct. App. 2005).  Attorneys' fees alone may exceed $75,000 in this matter and should be factored into the Court's analysis of the amount in controversy.  *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (right to attorneys' fees should be considered as part of the amount in controversy for removal).

7.    As the foregoing clearly shows, the value of Plaintiff's claims in this matter will more likely than not exceed $ 75,000, exclusive of interest and costs.  As a result, for purposes of 28 U.S.C § 1332, the amount in controversy exceeds the jurisdictional threshold amount.

8.    The Parties also have complete diversity of citizenship.  Plaintiff is a citizen and resident of Tennessee.  (Compl. at ¶ 1.)  ESA is a Delaware corporation whose principal place of business is in North Carolina.  (*See* Exhibit C.)  Accordingly, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and Defendant can remove Plaintiff's Complaint to this Court pursuant to 28 U.S.C. § 1441.

9.    The Summons and Complaint were served on ESA on June 26, 2017. (*See* Exhibit A.)  On July 26, 2017, Defendant filed this Notice of Removal.  Therefore, this Notice of Removal was timely filed pursuant to 28 U.S.C. §1446(b) having been filed within thirty (30) days after service of Exhibit A.

10.    Venue is proper in this Court.

11.    Pursuant to 28 U.S.C. §1446(d), Defendant is giving written notice of the removal of this action to all parties and is filing a copy of this Notice with the Circuit Court of the State of Tennessee, Shelby County.  (Attached hereto as Exhibit B.)

WHEREFORE, Defendant removes this action to this Court.


Respectfully submitted,

/s/ Zachary W. Hoyt
Thomas L. Henderson (TN BPR No. 11526)


3

Zachary W. Hoyt (TN BPR No. 32754)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
6410 Poplar Avenue, Suite 300
Memphis, TN 38119
Telephone:  (901) 767-6160
Facsimile:  (901) 767-7411
thomas.henderson@ogletreedeakins.com
zachary.hoyt@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT**

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this 26th day of July, 2017, caused the foregoing to be filed using the Court's CM/ECF system. In addition, I have caused the foregoing to be served, via U.S. Mail, on the following attorney of record:

Christopher L. Taylor
TAYLOR & TOON, PLLC
22 N. Front Street, Suite 755
Memphis, TN 38103

/s/ Zachary W. Hoyt

30634687.1